**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 19-4780

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NKENG AMIN, a/k/a Rapone, a/k/a Arnold,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:17-cr-00661-PWG-2)

Submitted:  February 25, 2021

Decided:  March 18, 2021

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, THE LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Kelly O. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nkeng Amin appeals his conviction and sentence for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On appeal, he argues that the district court erred in calculating the amount of loss attributable to him for the purposes of one sentencing enhancement, and in applying another sentencing enhancement based on its conclusion that the offenses resulted in substantial financial hardship to at least one victim. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, this court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* In assessing the application of Guidelines enhancements, we review findings of fact for clear error and legal decisions de novo. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018); *see United States v. Jones*, 716 F.3d 851, 859-60 (4th Cir. 2013) (applying clear error standard to district court's determination of loss amount). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 2769 (2019).

Amin first argues procedural error based on the district court's imposition of an 18-level upward adjustment, pursuant to U.S. Sentencing Guidelines Manual

§ 2B1.1(b)(1)(J) (2018), because the loss amount reasonably foreseeable to Amin exceeded $3,500,000. Amin challenges the district court's loss calculation.

When determining the loss amount attributable to a defendant, "the [sentencing] court 'need only make a reasonable estimate of the loss.'" *United States v. Cloud*, 680 F.3d 396, 409 (4th Cir. 2012) (quoting USSG § 2B1.1 cmt. n.3(C)). For purposes of USSG § 2B1.1, "loss is the greater of actual loss or intended loss." USSG § 2B1.1 cmt. n.3(A). Here, the district court relied on "actual loss," defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." USSG § 2B1.1 cmt. n.3(A)(i). "Reasonably foreseeable pecuniary harm" is "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." USSG § 2B1.1 cmt n.3(A)(iv). The Government must establish the amount of loss by a preponderance of the evidence. *United States v. Catone*, 769 F.3d 866, 876 (4th Cir. 2014). In doing so, when the case involves "jointly undertaken criminal activity, a particular loss may be attributed to a defendant if it results from the conduct of others so long as the conduct was in furtherance of, and reasonably foreseeable in connection with the criminal activity." *United States v. Otuya*, 720 F.3d 183, 191 (4th Cir. 2013) (internal quotation marks omitted).

The district court's loss calculation was not clearly erroneous. We have thoroughly reviewed the record and conclude that the Government proved, by a preponderance of the evidence, that at least $6,000,000 in losses were reasonably foreseeable to Amin, based on both his direct role in the fraud scheme, as well as the activities of Amin's coconspirators.

3

Amin also challenges the two-level enhancement that the court applied under USSG § 2B1.1(b)(2)(A)(iii) for an offense resulting in substantial financial hardship to one or more victims, arguing that the Government's evidence did not support a finding that the relevant victim suffered personal financial hardship. In determining whether to apply an enhancement for substantial financial hardship, a court should consider whether the offense resulted in a victim: becoming insolvent; filing for bankruptcy; suffering substantial loss of a retirement, education, savings, or investment fund; making substantial changes to their employment; making substantial changes to their living arrangements; or suffering substantial harm to their ability to obtain credit. USSG § 2B1.1 cmt. n.4(F).

Amin argues that the victim in question was a business and, therefore, did not suffer personal financial loss. However, even accepting Amin's assertion that the loss must be personal in nature, the district court properly found that the owners of the business suffered severe financial hardship through a substantial loss of their savings that they invested into their company and substantial changes to their employment following the failure of their business venture. We discern no error by the district court.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*